**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STACIE GROTH,**

      **Plaintiff,**

  vs.                                      **Civil Action 2:13-cv-1238
Magistrate Judge King**

**CENTURYLINK DISABILITY PLAN,**

      **Defendant.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's Motion for Attorney's Fees and Non-Taxable Costs* ("*Plaintiff's Motion*"), ECF 25.  Plaintiff specifically seeks an award of $19,455.00 in attorney's fees and $113.93 in non-taxable costs under 29 U.S.C. § 1132(g).  *Id*. at p. 12.  Defendant opposes *Plaintiff's Motion*, *Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs* ("*Defendant's Response*"), ECF 28, and plaintiff has filed a reply, *Plaintiff's Reply in Support of Her Motion for Attorney's Fees and Non-Taxable Costs*, ECF 30.  For the reasons that follow, *Plaintiff's Motion* is **GRANTED**.

**I.  Background**

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA"), in which plaintiff Stacie Groth sought recovery of short-term disability benefits under an employer-sponsored plan.  On December 30, 2014, this Court denied the motion for judgment on the administrative record filed on behalf of defendant CenturyLink Disability Plan ("defendant" or the "Plan") and

granted plaintiff's motion for judgment on the administrative record. *Opinion and Order*, ECF 23. Specifically, the Court held that the Plan's denial of plaintiff's application for short-term disability benefits was arbitrary and capricious because the Plan's administrator arbitrarily disregarded the medical evidence proffered by plaintiff. *Id*. at p. 16.  The Court reasoned that the administrative decision "did not indicate that the medical evidence proffered by plaintiff was actually reviewed, nor did it indicate whether or why the assessments of [plaintiff's treating providers] Dr. Wolf and Ms. Harris were rejected," *id*. at p. 14, failed to provide any discussion of the opinions of reviewing physicians Marcus Goldman, M.D., and Harold K. Gever, M.D., and "failed to address the inconsistencies between Dr. Goldman's and Dr. Gever's assessments," *id*. at pp. 14-15.

> Absent some explanation for the denial of benefits or discussion of plaintiff's medical evidence, the opinions of Dr. Wolf and Ms. Harris, or the conflict between Dr. Goldman and Dr. Gever's opinions, *see Evans*, 434 F.3d at 877 (indicating that a plan administrator may choose to rely on the medical opinion of one doctor over another, so long as the administrator offers a reasonable explanation based on the evidence for its decision); *Roumeliote v. Long Term Disability Plan for Emps. of Worthington Indus.*, 475 F. Supp. 2d 742, 746 (S.D. Ohio 2007), *aff'd,* 292 F. App'x 472 (6th Cir. 2008), the Court cannot say that the denial of benefits was "the result of a deliberate principled reasoning process," *see Evans*, 434 F.3d at 876, or that the Plan provided plaintiff with "specific reasons" for the denial of benefits.  *See* 29 U.S.C. § 1133(1); *Black & Decker Disability Plan*, 538 U.S. at 830.  Accordingly, this Court concludes that defendant's denial of plaintiff's claim for benefits was arbitrary and capricious.

*Opinion and Order*, ECF 23, pp. 16-17.  The Court remanded the matter to defendant's third party administrator "to conduct a full and fair review and to issue a decision that reflects a deliberate and

principled reasoning process." *Id*. at p. 17.

## II. Standard

In an action by an ERISA plan participant, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983)). Once a fee claimant satisfies the threshold requirement of achieving "some degree of success on the merits," courts in this circuit consider the following five factors:

> "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions."

*McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011) (quoting *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008)). "No single factor is determinative." *Id*. (citing *Gaeth*, 538 F.3d at 529).

## III. Discussion

As an initial matter, the Court must determine whether plaintiff achieved "some degree of success on the merits." *Hardt*, 560 U.S. at 255. This standard is not satisfied by achieving "'trivial success on the merits' or a 'purely procedural victor[y],'" but is satisfied "if the court can fairly call the outcome of the litigation some success

3

on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.'" *Id*. (internal quotations omitted; alteration in original).

Here, the Court concluded that the Plan's denial of benefits to plaintiff was arbitrary and capricious and remanded the matter to the Plan's third party administrator "to conduct a full and fair review and to issue a decision that reflects a deliberate and principled reasoning process." *Opinion and Order*, ECF 23, p. 17.  In making this determination, the Court found that the Plan's third party administrator had arbitrarily disregarded the medical evidence proffered by plaintiff, failed to offer a reasonable explanation based on the evidence for its decision, and failed to discuss and resolve conflicts between the reviewing physicians' opinions.  *Id*. at pp. 16-17.  Although the Court did "not believe that the record clearly establishe[d] that plaintiff [was] entitled to benefits," the matter was remanded for further consideration.  *Id*.  Courts in this circuit have found that such a remand order is a sufficient degree of success on the merits to permit an award of attorney's fees.  *See McKay*, 428 F. App'x at 546; *Bowers v. Hartford Life & Acc. Ins. Co.*, No. 2:09-CV-290, 2010 WL 4117515, at *2 (S.D. Ohio Oct. 19, 2010) ("Since *Hardt,* lower courts have determined that a remand requiring the plan administrator to address deficiencies in the original review of a plaintiff's claim constitutes 'some success on the merits' even if the district court made no determination regarding the plaintiff's

4

disability status.") (citing *Richards v. Johnson & Johnson,* No. 2:08-cv-279, 2010 WL 3219133, at *3 (E.D. Tenn. Aug. 12, 2010)); *Potter v. SABIC Innovative Plastics US, LLC*, No. 2:10-CV-696, 2011 WL 4852334, at *3 (S.D. Ohio Oct. 13, 2011). Having concluded that plaintiff has achieved some degree of success on the merit, the Court will now turn to the five factors.

The first factor requires the Court to consider "the degree of the opposing party's culpability or bad faith." *McKay*, 428 F. App'x at 546; *Moon v. UNUM Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006). This Court's finding that the Plan's denial of benefits was arbitrary and capricious does not necessarily indicate culpability or bad faith. *See Moon*, 461 F.3d at 643 (quoting *Heffernan v. UNUM Life Ins. Co. of Am.*, 101 F. App'x 99, 109 (6th Cir. 2004)). "Rather, 'the Court considers the circumstances surrounding the denial,' in order to determine the level of Defendant's culpability or bad faith." *Bowers*, 2010 WL 4117515 at *3 (quoting *Kauffman v. Sedalia Med. Ctr., Inc.,* No. 2:04-CV-543, 2007 WL 490896, at *1 (S.D. Ohio Feb. 9, 2007)).

Here, there is no suggestion that defendant acted in bad faith. However, the Court finds that defendant was culpable in denying plaintiff's application for benefits. The United States Court of Appeals for the Sixth Circuit has found the culpability requirement met where "a plan administrator engages in an inadequate review of the beneficiary's claim or otherwise acts improperly in denying benefits." *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 377 (6th Cir. 2009). Here, the Court found that the Plan had

5

arbitrarily disregarded the medical evidence proffered by plaintiff and failed to offer a reasonable explanation based on the evidence for its decision. *Opinion and Order*, ECF 23, pp. 16-17.  Defendant also failed to provide any discussion of the opinion evidence and failed to address the inconsistencies between the assessments of the paper reviewing physicians. *Id*. at pp. 14-15.  In short, the Plan's review of the evidence was entirely inadequate.  Defendant was therefore culpable in denying benefits, *see Moon*, 461 F.3d at 643-44 (reversing the district court and weighing the culpability factor in favor of the claimant where the administrator's physician conducted only a paper review that failed to take into account treating physicians' opinions); *Bowers*, 2010 WL 4117515 at *3, and the first factor weighs in favor of awarding attorney's fees.

Defendant "does not dispute that it has the ability to satisfy an award of attorney's fees." *Defendant's Response*, p. 2.  The second factor therefore weighs in favor of awarding attorney's fees.

The third factor requires the Court to consider "the deterrent effect of an award on other persons under similar circumstances." *McKay*, 428 F. App'x at 546.  "The key question in analyzing this third factor is . . . whether the fee award would have a deterrent effect on other plan administrators." *Gaeth*, 538 F.3d at 532.  The deterrent effect "is likely to have more significance in a case where the defendant is highly culpable, where "deliberate misconduct is in the offing," rather than when the plan administrator makes an "honest

6

mistake." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996).

Here, defendant's third party administrator denied plaintiff's application for benefits without discussing the medical evidence or the medical opinions of record, and it was culpable in doing so. An award of attorney's fees under these circumstances can have a deterrent effect because such an award will warn other plan administrators of important principles that all plan administrators should heed: a plan administrator cannot deny an application for benefits without a review of the medical evidence and medical opinions and without providing an explanation for the decision. *See Moon*, 461 F.3d at 645 (finding that there is a deterrent effect where important principles that all plan administrators should heed are articulated: "For example, before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions to terminate are based on a thorough review of the administrative record."); *Williams v. Hartford Life & Accident Ins. Co.*, No. 2:08-CV-128, 2010 WL 3463347, at *2 (S.D. Ohio Aug. 27, 2010); *Potter*, 2011 WL 4852334 at *5-6. Accordingly, this factor weighs in favor of awarding attorney's fees.

The fourth factor, *i.e.*, whether plaintiff sought to confer a common benefit on plan participants or resolve significant legal questions regarding ERISA, is not in dispute. Plaintiff concedes that the fourth factor "does not weigh in favor of a fee award" because

7

plaintiff did not seek to confer a common benefit or resolve significant legal questions. *Plaintiff's Motion*, p. 9.

The fifth factor is "the relative merits of the parties' positions." *McKay*, 428 F. App'x at 546. Although, as defendant argues, *Defendant's Response*, pp. 5-6, plaintiff was not awarded benefits and she did not prevail on a number of arguments, she was nevertheless able to overcome "the highly deferential arbitrary and capricious standard to achieve a remand." *See McKay*, 428 F. App'x at 546. Moreover, defendant was obviously culpable in its decision to arbitrarily and capriciously deny plaintiff's application for benefits. The fifth factor therefore weighs in favor of an award of attorney's fees. *See Moon*, 461 F.3d at 646.

In sum, four of the five factors weigh in plaintiff's favor. The Court therefore finds that an award of attorney's fees is appropriate.

As noted *supra*, plaintiff seeks an award of $19,455.00 in attorney's fees and $113.93 in non-taxable costs under 29 U.S.C. § 1132(g). Plaintiff specifically seeks $17,887.50 for 47.7 attorney hours billed at the rate of $375 per hour, $187.50 for 1.5 paralegal hours billed at the rate of $125 per hour, and $1,380 for 11.5 law clerk hours billed at the rate of $120 per hour. *Plaintiff's Motion*, p. 12.

ERISA allows courts in their discretion to award "a reasonable attorney's fee and non-taxable costs of action to either party." 29 U.S.C. § 1132(g)(1). Thus, the inquiry now turns to what attorney's fee is "reasonable" in this case. "Reasonable" attorney's fees are

8

calculated in light of the prevailing market rates in the relevant community.  *See Binta B. ex rel S.A. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013) ("Reasonable attorney's fees under § 1988 should be calculated according to the prevailing market rates in the relevant community."); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Boost Worldwide, Inc. v. Cell Station Wireless, Inc.*, No. 2:13-CV-490, 2014 WL 47977, at *5 (S.D. Ohio Jan. 7, 2014) ("Courts determine a reasonable hourly rate based on the prevailing market rate in the relevant community for lawyers of comparable skill and experience."). In determining a reasonable fee award, a court begins by calculating the movant's "lodestar," "which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Binta B.*, 710 F.3d at 627 (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005)).  It follows that hours that are "excessive, redundant, or otherwise unnecessary," *i.e.*, hours that are not "reasonably expended," should be excluded from the initial fee calculation.  *Id*. at 627-28 (internal quotation marks and citations omitted).  Once the initial lodestar calculation is determined, the court may modify the award in light of "relevant considerations peculiar to the subject litigation."  *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  Specifically, a court may consider the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is

9

> fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369-70 (6th Cir. 2014) (quoting *Adcock-Ladd*, 227 F.3d at 349 n.8)).

Plaintiff has presented uncontested evidence that the hourly rates charged by her counsel and the number of hours billed are reasonable. *See Affidavit of Tony C. Merry*, attached to *Plaintiff's Motion* as Exhibit A. Defendant has not objected to the number of hours billed by plaintiff's counsel or the hourly rates charged, and there is no indication that the time billed is improper or excessive. After reviewing counsel's billing statement, the Court concludes that the number of hours billed by plaintiff's counsel is reasonable. The Court also finds that plaintiff's counsel's hourly rates are reasonable and consistent with the hourly rates charged by counsel of comparable skill and experience in the local community. *See Javery v. Lucent Techs. Inc. Long-Term Disability Plan for Mgmt. or LBA Emps.*, No. 2:09-CV-00008, 2014 WL 2779427, at *7-8 (S.D. Ohio June 19, 2014) (recognizing plaintiff's counsel as "one of the preeminent local practitioners in the areas of ERISA disability law," approving plaintiff's counsel's hourly rate of $375 per hour, and noting that an hourly rate of $125 for paralegals is "fairly typical in this Court's experience"); *Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, No. 2:10-CV-00789, 2014 WL 5034643, at *8 (S.D. Ohio Oct. 8,

10

2014) (finding paralegal and law clerk hourly rates of $125 to be reasonable).

In a footnote, defendant argues that the fees requested by plaintiff should be reduced "by at least 50%" because of "the very limited success achieved by Plaintiff." *Defendant's Response*, p. 6 n.1.  Defendant argues that a reduction is necessary because plaintiff's counsel did not prevail on many of his arguments.  *Id*. Defendant's argument is not well taken.  As discussed *supra*, in achieving a remand of the matter, plaintiff was able to overcome the highly deferential arbitrary and capricious standard.  The Court did not award benefits because the record did not clearly establish that plaintiff was entitled to benefits.  *Opinion and Order*, ECF 23, p. 17. The results achieved by plaintiff were nevertheless significant and do not warrant a reduction in plaintiff's fee award.

Considering all the relevant factors, then, the Court concludes that $19,455.00 is a reasonable attorney's fee in this action.

Plaintiff has also requested $113.93 in non-taxable costs. Defendant does not object to this request, and the Court finds that the non-taxable costs requested are reasonable.

**WHEREUPON** *Plaintiff's Motion for Attorney's Fees and Non-Taxable Costs*, ECF 25, is **GRANTED**.  The Court **AWARDS** plaintiff an attorney fee in the amount of $19,455.00 and $113.93 in non-taxable costs, for a total award of $19,568.93.

March 25, 2015                                          *s/Norah McCann King*
                                                        Norah M$^c$Cann King
                                                        United States Magistrate Judge

11